[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPLEMENT THE RECORD
The plaintiff is appealing the decision of the defendant Bridgewater Planning and Zoning Commission (hereinafter "Commission") denying approval of his affordable housing subdivision plan.
Affordable housing land use appeals, pursuant to General Statutes § 8-30g, are subject to special procedures. This motion raises an issue of first impression concerning the application of § 8-30g(d) to proposed modifications to an affordable housing plan while an appeal is pending.
Defendant denied approval to plaintiff's affordable housing subdivision plan on July 9, 1997, with publication on July 18, CT Page 12980 1997. Plaintiff on August 8, 1997, filed an appeal of such decision. Simultaneously, the plaintiff submitted a proposed modification of his plan to the Commission. (See attachments to plaintiff's Motion to Supplement Record A-L.)
The submission of a proposed modification following the adverse decision is expressly encouraged by § 8-30g(d). "Following a decision . . . to reject an affordable housing application . . ., the applicant may, within the period for filing an appeal of such decision, submit to the commission a proposed modification of its proposal responding to some or all of the objections . . . articulated by the commission, which shall be treated as an amendment to the original proposal." The plaintiff has submitted a proposed modification responding to the objections. The Commission has delayed responding to the proposed modification, because of the pendency of the appeal.
It is evident that an undisputed purpose of § 8-30g is to expedite the processing of affordable housing land use appeals. "Appeals taken pursuant to this subsection shall be privileged cases to be heard by the court as soon after the return date as is practicable Section 8-30g(b). Affordable housing appeals are heard by a "small number of judges" "assigned by the Chief Court Administrator to hear such appeals."
The allowance of an amended application following an adverse decision specifically does not "limit the right of an applicant to appeal the original decision of the commission . . . or to limit the issues which may be raised in any appeal. . . ." Section 8-30g(d).
In that the plaintiff will not be limited in the issues he may raise on appeal by filing the amended application, there seems to be little reason to proceed with both the appeal and the amended application. "Within the time period for filing an appeal of the proposed modification . . . the applicant may appeal the commission's decision on the original application and the proposed modification. . . . Section 8-30g(d).
The Commission is required to hold a public hearing and render a decision within forty-five days of the receipt of the modified application. Section 8-30g(d). Even under the most expeditious processing the Superior Court would be unable to substantively address the case in such a brief time. The mandated reconsideration of a modified application may further serve to CT Page 12981 clarify if not resolve the issues on appeal. Indeed § 8-30g(d) contemplates this possibility as it provides: "The filing of such proposed modification shall stay the period for filing an appeal from the decision of the commission on the original application." In an appeal following the modification decision, the plaintiff may assert all issues arising from the Commission's determinations in the decision from the original application, as well as the decision issued after the proposed modification is submitted.
In order to expedite this matter, the Commission has agreed to act on the modified application. If plaintiff finds the Commission's decision adverse he may amend his complaint and the Commission will supplement the record.
Prospectively it is the court's opinion that affordable housing appeals should follow the decision on any modified application.
McWEENY, J.